

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

February 6, 2023

**VIA ECF AND UPS**
The Honorable Jed S. Rakoff
United States Courthouse
500 Pearl Street, Room 1340
New York, NY 10007

                **Re: SEC v. DeFrancesco, et al., No. 23 Civ. 131 (JSR) (S.D.N.Y.)**

Dear Judge Rakoff:

      Pursuant to the Court's January 18, 2023 Notice of Court Conference, plaintiff Securities and Exchange Commission ("Commission") and defendants Mauricio Diaz Cardona ("Diaz Cardona") and Carlos Rezk ("Rezk") jointly submit this letter and three attachments concerning the planning of discovery and scheduling.

      As an initial matter, copies of the Complaint and Summons and requests for waiver of service were sent to known counsel for the remaining defendants (Andrew DeFrancesco, Catherine DeFrancesco, and Nikola Faukovic) on January 9, 2023, pursuant to Federal Rule of Civil Procedure ("FRCP") 4(d), but those defendants have not yet responded to the request or appeared in this action.[1]  The Commission is in the process of serving those defendants personally.  Those defendants also did not attend the Rule 26(f) conference held on February 3, 2023, to which all parties were invited via their then-known counsel.  Accordingly, the proposed plan for discovery and scheduling is submitted only on behalf of the Commission, Diaz Cardona, and Rezk.

      Next, the Commission, Diaz Cardona, and Rezk intend to jointly request an extension of the trial-ready date from July 13, 2023, to September 13, 2023, on the basis of the case's complexity.  In this matter, the Commission asserts eight claims—including securities fraud, aiding and abetting such fraud, unlawful sales of unregistered securities, and other securities law violations—against five defendants based on alleged conduct that occurred over a multi-year period concerning a business that operated in the United States and internationally.  Accordingly, the parties may require document and testimonial discovery from persons or entities located in Canada and Latin America, as well as deposition testimony from more than fifteen people

---

[1] The Commission learned this morning that previously-known counsel for defendants Andrew DeFrancesco and Catherine DeFrancesco is not currently representing those defendants.

located across the United States. The parties intend to make this joint request at the upcoming conference set for February 13, 2023.

The Commission, Diaz Cardona, and Rezk have agreed to two alternative proposed Civil Case Management Plans depending on whether an extension is granted. Under the first proposed plan (Exhibit A to this letter), if an extension were denied, all discovery in the matter would be completed by May 24, 2023, and any summary judgment briefing would be completed by July 3, 2023, in advance of the July 13, 2023 trial-ready date. Under the alternate plan (Exhibit B to this letter), if the proposed extension were approved, all discovery in the matter would be completed by July 21, 2023, and any summary judgment briefing would be completed by September 1, 2023, in advance of a September 13, 2023 trial-ready date.

The Commission, on the one hand, and Diaz Cardona and Rezk, on the other hand, have two disagreements regarding either Case Management Plan. First, Diaz Cardona and Rezk propose to include a provision setting a date certain by which subpoenas must be served under FRCP 45, for the purpose of ensuring that subpoena responses are received and/or disputes regarding subpoena responses are able to be resolved within the deadline for the completion of all discovery. The Commission believes such a provision is unnecessary in light of either Case Management Plan's deadline for the completion of all discovery. Second, Diaz Cardona and Rezk also propose to include a provision setting a date certain by which initial disclosures must be exchanged and also a date by which documents that a party "may use to support its claims or defenses" must be produced under FRCP 26(a)(1)(A)(ii). Diaz Cardona and Rezk request this provision to ensure defendants receive early access to documents and testimony the Commission has already had the ability to review over the course of this long-running investigation. Diaz and Rezk further submit that there are no privilege issues implicated by this request, which is tailored to documents and testimony received by the SEC from third parties. The Commission also believes that such a provision is unnecessary, including because it goes beyond the requirements of FRCP 26(a), which requires only a description of categories and location of documents; it is unduly burdensome in light of the notice and privilege issues inherent in a production by the Commission; and other provisions of the Case Management Order already govern the production of documents and ensure that they will be produced, pursuant to document requests, in a timely manner. Diaz Cardona's and Rezk's proposal are set forth in Exhibit C to this letter.

Respectfully submitted,

*/s/ Christopher M. Colorado*

Christopher M. Colorado