

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

DIVISION OF
ENFORCEMENT

June 9, 2023

**VIA ECF**

The Honorable Jed S. Rakoff
United States District Judge
United States Courthouse
500 Pearl Street, Room 1340
New York, NY 10007

Re: *SEC v. DeFrancesco, et al.*, No. 23 Civ. 131 (JSR) (S.D.N.Y.)

Dear Judge Rakoff:

Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter seeking approval of its proposed final consent judgments (DE 64, 65) as to defendants Nikola Faukovic ("Faukovic") and Catherine DeFrancesco ("C. DeFrancesco"). The proposed judgments, if approved, would enjoin Faukovic and C. DeFrancesco from violating the provisions of the securities laws that they are alleged to have violated; order Faukovic to disgorge $11,779.43 in ill-gotten gains she received plus $2,750.89 in prejudgment interest; and order them to pay civil penalties of $111,614 (Faukovic) and $122,782 (C. DeFrancesco). The proposed judgments are fair, reasonable, and, with respect to the injunctive relief, do not disserve the public interest under the standards set forth in *SEC v. Citigroup Global Markets, Inc*., 752 F.3d 285, 294 (2d Cir. 2014). The Court should therefore approve them.

I.      **The Relevant Allegations in the Complaint**

The Complaint alleges a fraudulent scheme orchestrated by defendants Andrew DeFrancesco ("A. DeFrancesco"), Carlos Felipe Rezk ("Rezk") and Mauricio Diaz Cardono ("Diaz"). DE 1 at ¶ 1. A. DeFrancesco was chairman of the board of Cool Holdings, Inc. ("Cool"), and Rezk and Diaz were officers and directors of Cool. *Id*. at ¶¶ 21, 23-24. Cool operated retail electronic stores focused primarily on the sale of Apple, Inc. ("Apple") products. *Id*. at ¶¶ 27-28.

From March 2018 through June 2019, Cool made false statements and omitted material information, including about its critical business relationship with Apple, in each of its quarterly and annual SEC filings, all signed by Diaz. *Id*. at ¶¶ 3, 96-101, 173-178. Cool also filed false and misleading registration statements signed by Diaz, A. DeFrancesco, and Rezk. *Id*. at ¶¶ 3, 98.

By early September 2018, through twelve nominee entities, A. DeFrancesco had amassed millions of Cool's shares, amounting to more than 32% of Cool's outstanding shares, most of

which were held in the name of the Delavaco Group. *Id*. at ¶¶ 124-125. Neither A. DeFrancesco nor Cool ever disclosed A. DeFrancesco's control over the nominee entities or his ownership of Cool's shares. *Id*. at ¶ 126. A. DeFrancesco structured most of the nominee entities so that C. DeFrancesco, his then-wife, was their nominal head. *Id*. at ¶¶ 30-42, 103-105. In September 2018, C. DeFrancesco signed a Schedule 13G beneficial ownership report that failed to disclose A. DeFrancesco's beneficial ownership of Delavaco Group's Cool shares. *Id.* at ¶¶ 219-220. Faukovic, who was A. DeFrancesco's executive assistant, performed numerous tasks to facilitate A. DeFrancesco's control over the nominee entities. *Id.* at ¶¶ 106-110, 123-124. With Faukovic's assistance, in March 2019 C. DeFrancesco also signed a confirmation falsely representing to Cool's auditor that A. DeFrancesco had no interest in Delavaco Group. *Id.* at ¶¶ 191-193, 195-197.

In September 2018, A. DeFrancesco orchestrated a pump and dump of Cool stock following the publication of promotional articles that A. DeFrancesco arranged and funded. *Id.* at ¶¶ 127-162. Cool's share price and trading volume jumped significantly following the promotion. *Id.* at ¶¶ 167-169. With the assistance of C. DeFrancesco and Faukovic, DeFrancesco sold more than 1.6 million Cool shares in 2018, all through accounts nominally controlled by C. DeFrancesco and other family members but actually controlled by A. DeFrancesco. *Id.* at ¶ 171. Faukovic also sold Cool shares in 2018 and unjustly profited from these sales. *Id.* at ¶¶ 185-190.

Based on these factual allegations, the Complaint alleges that Faukovic aided and abetted A. DeFrancesco's violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(a) and (c) thereunder and Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 ("Securities Act"). *Id.* at ¶ 13. The Complaint further alleges that C. DeFrancesco violated Exchange Act Section 13(d) and Rule 13d-1(a) thereunder. *Id.* at ¶ 14. The Complaint seeks permanent injunctions against future violations of the statutory provisions Faukovic and C. DeFrancesco are alleged to have violated and civil penalties, and as to Faukovic, disgorgement with prejudgment interest. *Id.* at 48-49.

**II.   The Proposed Consent Judgments Are Fair and Reasonable and, with Respect to the Proposed Injunctive Relief, Do Not Disserve the Public Interest.**

"[T]he proper standard for reviewing a proposed consent judgment involving an enforcement agency requires that the district court determine whether the proposed consent decree is fair and reasonable, with the additional requirement that the 'public interest would not be disserved,' … in the event that the consent decree includes injunctive relief." *Citigroup*, 752 F.3d at 294 (citation omitted); *see also id.* ("We omit 'adequacy" from the standard. Scrutinizing a proposed consent decree for 'adequacy'…strikes us as particularly inapt in the context of a proposed S.E.C. consent decree.").

The Second Circuit has explained that a district court evaluating the fairness and reasonableness of an SEC consent judgment should assess at least four factors: (1) "the basic legality of the decree"; (2) "whether the terms of the decree, including its enforcement mechanism, are clear"; (3) "whether the consent decree reflects a resolution of the actual claims in the complaint"; and (4) "whether the consent decree is tainted by improper collusion or corruption of some kind." *Id.* at 294–95 (citations omitted). The Second Circuit has emphasized that, when a court considers whether the "public interest would not be disserved" by a proposed injunction, "[t]he job of

determining whether the proposed S.E.C. consent decree best serves the public interest…rests squarely with the S.E.C., and its decision merits significant deference." *Id.* at 296.

The proposed judgments are fair and reasonable because they meet all four relevant factors. First, the injunctions are legal because Congress has expressly authorized them. *See* 15 U.S.C. §§ 77t(b) & 78u(d). Second, the injunctions and their enforcement mechanisms are clear. As long as Faukovic and C. DeFrancesco do not engage in unlawful conduct then they will not violate the injunctions. Furthermore, the proposed judgments make clear that the Court would retain jurisdiction to enforce the terms. Third, the proposed judgments reflect a resolution of the claims in the Complaint. DE 1 at 48-49. Fourth, no improper collusion or corruption has tainted the proposed judgments, as the parties have reached the resolutions at arms' length.

Next, under the standard set forth in *Citigroup*, the public interest "would not be disserved" by the proposed injunctions. 752 F.3d at 296-97. Permanent injunctions are warranted to protect the investing public. *See, e.g., SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1101 (2d Cir. 1972) ("'The courts have an obligation, once a violation has been established, to protect the public from a continuation of the harmful and unlawful activities'" (quoting *United States v. Parke, Davis & Co.*, 362 U.S. 29, 48 (1960)).); *SEC v. Kinnucan*, 9 F. Supp. 3d 370, 375-376 (S.D.N.Y. 2014) (imposing a permanent injunction after defendant's criminal conviction for insider trading). Furthermore, the Court should accord "significant deference" to the SEC's decision that imposing permanent injunctions "best serves the public interest." *Citigroup*, 752 F.3d at 296.

For these reasons, the Court should approve the proposed final consent judgments as to Faukovic and C. DeFrancesco.

                    Respectfully submitted,

                    /s/ *David Stoelting*
                  _____
                  David Stoelting
                  Senior Trial Counsel
                  Securities and Exchange Commission
                  Tel: (212) 336-0174
                  stoeltingd@sec.gov
                  Attorney for Plaintiff

cc (by ECF): All defense counsel