UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,    23-cv-131

-against-

DEFRANCESCO, et al.,

Defendants,

and

DELAVACO HOLDINGS, INC.

Garnishee.

## [PROPOSED] POST-JUDGMENT CONTINUING WRIT OF GARNISHMENT

| | |
|---|---|
| **To:** | Delavaco Holdings, Inc.<br>2300 E Las Olas Blvd FL 4<br>Fort Lauderdale, FL, 33301-1578 |
| **Re:** | **Andrew DeFrancesco** |
| **Requested by:** | Maureen Peyton King<br>Securities and Exchange Commission<br>New York Regional Office<br>100 Pearl Street<br>New York, New York 10004 |
| **Issued<br>Pursuant to:** | 28 U.S.C. § 3205 |

The Court, having reviewed the application of Plaintiff Securities and Exchange

Commission (the "Commission") for a writ of garnishment, hereby issues this Post-Judgment

Continuing Writ of Garnishment. The Commission has information indicating that **Delavaco**

**Holdings, Inc.** (the "Garnishee") may have possession, custody, or control of property in which

1

Defendant Andrew DeFrancesco ("DeFrancesco") has or will have a substantial nonexempt interest.  Pending further order of this Court, the Garnishee is hereby directed to withhold and retain any property[1] in its possession, custody, or control in which DeFrancesco has an interest at the time this Writ is served or in which DeFrancesco may obtain an interest in the future, including his nonexempt disposable earnings.[2]  If the Garnishee fails to withhold property in accordance with this Writ, the Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of DeFrancesco's nonexempt interest in such property, plus a reasonable attorney's fee to the Commission.  *See* 28 U.S.C. §§ 3003(c)(8)(C) & 3205(c)(6).

Within ten (10) days of receiving a copy of this Writ, the Garnishee shall file a written answer, as required by 28 U.S.C. § 3205(c)(2)(E), and serve the answer on DeFrancesco and the Commission's counsel of record in this action in the manner provided under Federal Rule of Civil Procedure 5.  The Garnishee shall answer in the form and with the information required by 28 U.S.C. § 3205(c)(4).

---

[1] "Property" includes any present or future interest, whether legal or equitable, in real, personal (including chose in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes –

    (A)    property held in trust by the United States for the benefit of an Indian tribe or individual Indian; and

    (B)    Indian lands subject to restrictions against alienation imposed by the United States.

28 U.S.C. § 3002(12).

[2] "'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 28 U.S.C. § 3002(6). "'Disposable earnings' means that part of earnings remaining after all deductions required by law have been withheld." *Id.* at § 3002(5). "'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Protection Act, [15 U.S.C. § 1673]." Id. at § 3002(9).

The Garnishee shall forward any and all payments made pursuant to this Writ to the Office of Financial Management, U.S. Securities and Exchange Commission, Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, with the notation that the payment is on behalf of Andrew DeFrancesco, SEC Case No. NY-9960, until DeFrancesco's penalty debt is paid in full or the Garnishee no longer has custody or control of any property belonging to DeFrancesco.

This Writ of Garnishment covers penalty and post-judgment interest thereon (not disgorgement and related interest) and is continuing. The Writ will terminate only by:

(A)    a court order quashing this Writ of Garnishment;

(B)    exhaustion of property in the possession, custody, or control of the Garnishee in which DeFrancesco has a substantial nonexempt interest (including nonexempt disposable earnings), unless the Garnishee reinstates or re-employs DeFrancesco within 90 days after his dismissal or resignation; or

(C)    satisfaction of the debt with respect to which this Writ is issued.

*See* 28 U.S.C. § 3205(c)(10).

The following exhibits are attached to this Writ:

Exhibit A:    notices and instructions to Garnishee;

Exhibit B:    a sample answer to be used by Garnishee;

Exhibit C:    notices and instructions to DeFrancesco; and

Exhibit D:    a sample claim for exemption and request for hearing to be used by DeFrancesco.

To assist the Garnishee with its obligations under this Writ, the following information is provided:

Defendant's Name:          Andrew DeFrancesco
Defendant's SSN:           XXXX-XX- XXXX-XX-3458

3

Defendant's Last Known Address:     Bahamas.

Date of Judgment:                   July 5, 2023

Nature of Judgment:                 Final Judgment

Judgment Amount (DE 72):

| Civil Money Penalty | |
|---|---|
| Amount Ordered | $1,737,224.52 |
| Payments Received | $295,274.53 |
| Interest (continues to accrue at $218.37 per day) | $56,951.15 |
| **Total Due as of February 16, 2024** | **$1,498,901.14** |
| Disgorgement Paid in Full | |
| Amount Ordered disgorgement and prejudgment interest | $1,276,070.49 |

More than 30 days have elapsed since the Commission made a demand on DeFrancesco for payment of the debt, and DeFrancesco has not paid the amount due. The civil money penalty and post-judgment interest on the civil money penalty portion of the Judgment is a debt as defined under the Federal Debt Collection Procedures Act, 31 U.S.C. § 3001 *et seq.* Thus, the Writ seeks these amounts.

SO ORDERED.

Dated this _11th_ day of _March_ 2024.

_Jed S. Rakoff_
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

<u>**NOTICES AND INSTRUCTIONS TO GARNISHEE**</u>

## <u>INSTRUCTIONS TO GARNISHEE</u>

You have been served with a Continuing Writ of Garnishment pursuant to 28 U.S.C.

§ 3205 ("Section 3205"). Pursuant to that Writ and Section 3205, you are required to file a

written answer within ten (10) days of receiving a copy of the Writ. The Clerk of Court's

address is:

> Ruby J. Krajick
> Clerk of Court
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl Street
> New York, NY 10007

## <u>YOUR ANSWER</u>

Section 3205 requires that your answer be under oath, and that it contain the following

general information:

> (A)   whether you have custody, control or possession of
>       property in which DeFrancesco has an interest;
>
> (B)   a description of such property and the value of
>       DeFrancesco's interest in that property;
>
> (C)   a description of any previous garnishments to which
>       DeFrancesco's property is subject and the extent to
>       which any remaining property is not exempt; and
>
> (D)   the amount of the debt you anticipate owing
>       DeFrancesco in the future and whether the period
>       for payment will be weekly or another specified
>       period.

28 U.S.C. § 3205(c)(4).

A sample answer is attached as Exhibit B for your use.

1

You must serve a copy of your answer on DeFrancesco and counsel for the Commission, whose addresses are listed on the face of the Writ. *See* Fed. R. Civ. P. 5 (listing acceptable methods of service).

## IF YOU ARE DEFENDANT'S EMPLOYER

The amount of nonexempt earnings which may be withheld pursuant to a Writ of Garnishment is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673. That statute provides generally that, for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the federal minimum hourly wage set by 29 U.S.C. § 206(a)(1) may be withheld. The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld. *See* Code of Federal Regulations, Title 29, Labor; Subtitle B, Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

You may contact the attorney listed on the face of the Writ of Garnishment if you need additional assistance in determining the maximum amount of earnings to withhold.

Pursuant to 15 U.S.C. § 1674, you may not discharge DeFrancesco because his earnings have been garnished.

2

**EXHIBIT B**

**SAMPLE ANSWER TO BE USED BY GARNISHEE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                                   Plaintiff,          23-cv-131

            -against-

DEFRANCESCO, et al.,

                                                   Defendants,

            and

DELAVACO HOLDINGS, INC.

                                                   Garnishee.

## GARNISHEE'S ANSWER

Having been served with a Continuing Writ of Garnishment, Garnishee hereby files this

Answer in accordance with 28 U.S.C. § 3205.  This Answer is being prepared by:

Name:

Title:

Address:

Phone Number:

### DESCRIPTION OF GARNISHEE

Garnishee files this Answer as:        (check those that apply)

☐      An Individual

        ☐      In my personal capacity.

        ☐      Doing business as,

                Name of d/b/a:
                Address:

2

Phone Number:

☐     A Partnership; and Garnishee is:

        ☐     A general partner

        ☐     A limited partner

Name of Partnership:
Address:
Phone Number:

☐     A Corporation

Name of Corporation:
Address:
Phone Number:
State of Incorporation:
Principal Place of Business:

## PRIOR GARNISHMENTS

For each previous garnishment involving Defendant which is still in effect, please provide the following information:

Date of Garnishment:
Property Subject to the Previous Garnishment:

### DESCRIPTION OF PROPERTY IN WHICH DEFENDANT HAS AN INTEREST

Garnishee states as follows:   (check those that apply)

❐   From the date the Writ of Garnishment was served to the date this Answer is being prepared, Garnishee has not had possession, custody or control of any property in which Defendant has an interest.

❐   Garnishee has possession, custody or control of the following non-earnings property in which Defendant has an interest:

Description of Property:
Approximate Value of Property:
Defendant's Interest in the Property:

❐   Garnishee anticipates having future possession, custody or control of the following non-earnings property in which Defendant will have an interest:

Description of Property:
Approximate Value of Property:
Defendant's Interest in the Property:
When Defendant Will Acquire An Interest in the Property:

❐   As Defendant's employer, Garnishee has possession, custody or control of earnings in which Defendant has an interest:

Defendant is paid: ❐ weekly, ❐ bi-weekly, ❐ semi-monthly, ❐ monthly
Date Previous Pay Period Ended:
Date Current Pay Period Ends:

a.   Defendant's Gross Pay:
b.   Federal Income Tax Withheld:
c.   F.I.C.A. Withheld:
d.   State Income Tax Withheld:
e.   Total Withholdings (b + c + d):
f.   Net Earnings (a - e):

### GARNISHEE'S CLAIMS

Garnishee makes the following claims:        (check those that apply)

❐   Garnishee makes the following claim of exemption on behalf of Defendant:

Amount of Exemption:
Nature of Exemption:

4

❑   Garnishee has the following objections, defenses, or set-offs against the United States' right to seek garnishment of Defendant's non-exempt property in Garnishee's possession, custody or control:

(describe nature of objection, defense, or set-off)

## CERTIFICATE OF SERVICE

Garnishee certifies that it has served a copy of this Answer on both the:

❑   Defendant

Date of Service:
Method of Service: (include address if service was by mail)

and

❑   Securities and Exchange Commission

Date of Service:
Method of Service: (include address if service was by mail)

## OATH

Garnishee declares under penalty of perjury that the foregoing is true and correct.

Date: _____   Signature:

Subscribed and sworn before me this _____ day of _____ 20___.

Notary Public                                        (SEAL)

Commission Expires:

**EXHIBIT C**

**NOTICES AND INSTRUCTIONS TO DEFENDANT**

## <u>NOTICE AND INSTRUCTIONS TO DEFENDANT ANDREW DEFRANCESCO</u>

A judgment was rendered against you in *Securities and Exchange Commission v. DeFrancesco.*, Case No. 23-cv-131 in the United States District Court for the Southern District of New York. Plaintiff Securities and Exchange Commission (the "Commission") claims that the amounts owing under that Judgment are a civil money penalty and applicable post-judgment interest. The civil money penalty plus post-judgment interest thereon, may be collected via a Writ of Garnishment.

You are hereby given notice that in an attempt to collect on its judgment against you, the Commission has caused the Court to issue a Continuing Writ of Garnishment to Delavaco Holdings, Inc. (the "Garnishee"). With this Writ of Garnishment, the Commission is attempting to take your property, which may include a portion of your earnings, from Garnishee. *See* 28 U.S.C. § 3205.

### <u>YOUR RIGHT TO OBJECT TO THE GARNISHEE'S ANSWER<br>AND REQUEST A HEARING</u>

The Garnishee is required to file an answer within ten (10) days of receiving the Writ of Garnishment issued by the Court. The Garnishee is required to serve a copy of its answer on you and the Commission. Within twenty (20) days after you receive a copy of the Garnishee's answer, you may file with the Court a written objection to the Garnishee's answer and request a hearing with the Court. You must state the specific grounds for your objection and bear the burden of proving such grounds at a hearing before the Court. You must file your objection and request for hearing with the Court, whose Clerk of Court has the following address:

> Ruby J. Krajick
> Clerk of Court
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl Street
> New York, NY 10007

You are required to serve a copy of any objection and request for hearing that you file on:

> Delavaco Holdings, Inc.
> 2300 E Las Olas Blvd FL 4
> Fort Lauderdale, FL, 33301-1578
> and
>
> Maureen Peyton King
> Securities and Exchange Commission
> New York Regional Office
> 100 Pearl Street
> New York, NY 10004

1

The Court will hold a hearing on any objection and request for hearing you file within ten (10) days after your objection and request for hearing is received or as soon thereafter as is practicable.  Notice of the hearing date will be sent to all parties.  Pursuant to 28 U.S.C. § 3202(d), issues at such hearing shall be limited

    (1)    to the probable validity of any claim of exemption by you;

    (2)    to the Commission's compliance with any statutory requirement for the issuance of the Writ of Garnishment; and

    (3)    if the judgment was rendered against you by default, and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –

        (A)    the probable validity of the Commission's claim for the debt which has been merged into the judgment; and

        (B)    the existence of good cause for setting aside such judgment.

If you do not file a timely objection to the Garnishee's answer, the property listed in the Garnishee's answer will be applied to the debt you owe the Commission.

## YOUR RIGHT TO CLAIM AN EXEMPTION

As described above, there are exemptions under the law which may protect the property listed in the Garnishee's answer from being taken by the Commission.  You must bear the burden at a hearing set by the Court of showing that an exemption applies.  The exemptions which you may claim are defined in 28 U.S.C. § 3014.  Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the State in which you have been domiciled for the majority of the 180 days prior to the filing of the Commission's Application for the Writ of Garnishment.  The property exempted under 11 U.S.C. § 522(d) and the applicable State's exemption statutes may, and probably will, be different.  You must choose which set of exemptions you want the Court to apply.

Exhibit D contains a list of the exemptions available under 11 U.S.C. § 522(d) and New York law.  The statutes providing these exemptions may be amended from time to time. Also, the exemptions in the state in which you actually reside may be different than the exemptions listed in Exhibit D.  It is your responsibility to consult the appropriate federal and state exemption statutes to determine what your exemptions are.  The exemptions listed in Exhibit D are merely examples.

## YOUR RIGHT TO TRANSFER THIS ACTION TO ANOTHER FEDERAL DISTRICT

If you think you live outside the federal judicial district in which this Court is located, you may request, not later than twenty (20) days after receipt of this Notice, that this proceeding to take your property be transferred by the Court to the federal judicial district in which you do reside.   You must make this request in writing.   Your request for a transfer must be filed with the Court Clerk at:

> Ruby J. Krajick
> Clerk of Court
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl Street
> New York, NY 10007

You must also serve a copy of your request for a transfer on:

> Delavaco Holdings, Inc.
> 2300 E Las Olas Blvd FL 4
> Fort Lauderdale, FL, 33301-1578and

> Maureen Peyton King
> Securities and Exchange Commission
> New York Regional Office
> 100 Pearl Street
> New York, NY 10004

## CONCLUSION

Keep a copy of this notice for your records.   If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Clerk of Court.   The Clerk of Court is not permitted to give legal advice but can refer you to other sources of information.

**EXHIBIT D**

**SAMPLE CLAIM FOR EXEMPTION AND REQUEST FOR HEARING
TO BE USED BY DEFENDANT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 23-cv-131 |
| -against- | |
| DEFRANCESCO, et al., | |
| Defendants, | |
| and | |
| DELAVACO HOLDINGS, INC. | |
| Garnishee. | |

There are exemptions under the law which may protect the property listed in the Garnishee's answer from being taken by the Commission. You must bear the burden at a hearing set by the Court of showing that an exemption applies. The exemptions which you may claim are defined in 28 U.S.C. § 3014. Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the state in which you have been domiciled for the majority of the 180 days prior to the filing of the Commission's Application for the Writ of Garnishment. The property exempted under 11 U.S.C. § 522(d) and the applicable state's exemption statutes may, and probably will, be different. You must choose which set of exemptions you want the Court to apply.

## BANKRUPTCY CODE EXEMPTIONS

The first group of exemptions consists of property that is specified in Section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

1.    The debtor's aggregate interest, not to exceed $23,675 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

2.    The debtor's interest, not to exceed $3,775 in value, in one motor vehicle.

3. The debtor's interest, not to exceed $600 in value in any particular item or $12,625 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4. The debtor's aggregate interest, not to exceed $1,600 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5. The debtor's aggregate interest in any property, not to exceed in value $1,250, plus up to $11,850 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6. The debtor's aggregate interest, not to exceed $2,375 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7. Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

8. The debtor's aggregate interest, not to exceed in value $12,625 less any amount of property of the estate transferred in the manner specified in Section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

9. Professionally prescribed health aids for the debtor or a dependent of the debtor.

10. The debtor's right to receive ---

   (A) a social security benefit, unemployment compensation, or a local public assistance benefit;
   (B) a veterans' benefit;
   (C) a disability, illness, or unemployment benefit;
   (D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(E)     a payment under a stock bonus, pension, profit sharing, annuity, or
similar plan or contract on account of illness, disability, death, age,
or length of service to the extent reasonably necessary for the
support of the debtor and any dependent of the debtor, unless----

(i) such plan or contract was established by or under the
auspices of an insider that employed the debtor at the time the
debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service;
and

(iii) such plan or contract does not qualify under section
401(a), 403(a), 403(b), or 408 of the Internal Revenue Code
of 1986.

11.     The debtor's right to receive, or property that is traceable to ---

(A)     an award under a crime victim's reparation law;

(B)     a payment on account of the wrongful death of an individual of
whom the debtor was a dependent, to the extent reasonably
necessary for the support of the debtor and any dependent of the
debtor;

(C)     a payment under a life insurance contract that insured the life of an
individual of whom the debtor was a dependent on the date of such
individual's death, to the extent reasonably necessary for the support
of the debtor and any dependent of the debtor;

(D)     a payment, not to exceed $23,675, on account of personal bodily
injury, not including pain and suffering or compensation for actual
pecuniary loss, of the debtor or an individual of whom the debtor is a
dependent; or

(E)     a payment in compensation of loss of future earnings of the debtor or
an individual of whom the debtor is or was a dependent, to the extent
reasonably necessary for the support of the debtor and any dependent
of the debtor.

12.    Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under Sections 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

## MAJOR EXEMPTIONS UNDER NEW YORK STATE LAW

**NOTE:**    The law of the state where you have been domiciled for at least 180 days governs your rights.

**NOTE:**    If you have selected the Bankruptcy Code exemptions listed above, you may <u>not</u> also claim the state law exemptions listed below.

| Category of Exemption | Extent of Exemption | Statute |
|---|---|---|
| Personal Property | All stoves and home heating equipment kept for use in the judgment debtor's dwelling house and necessary fuel therefor for one hundred twenty days. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | Domestic animals with the necessary food for those animals for one hundred twenty days, provided that the total value of such animals and food does not exceed one thousand dollars; all necessary food actually provided for the use of the judgment debtor or his family for one hundred twenty days. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | All wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, one television set, one computer and associated equipment, one cellphone, crockery, tableware and cooking utensils necessary for the judgment debtor and the family; all prescribed health aids; | N.Y. Civ. Prac. Law and Rules 5205. |

| Personal Property | A wedding ring; a watch, jewelry and art not exceeding one thousand dollars in value. | N.Y. Civ. Prac. Law and Rules 5205. |
|---|---|---|
| Personal Property | Tools of trade, necessary working tools and implements, including those of a mechanic, farm machinery, team, professional instruments, furniture and library, not exceeding three thousand dollars in value, together with the necessary food for the team for one hundred twenty days, provided, however, that the articles specified in this paragraph are necessary to the carrying on of the judgment debtor's profession or calling. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | One motor vehicle not exceeding four thousand dollars in value above liens and encumbrances of the debtor; if such vehicle has been equipped for use by a disabled debtor, then ten thousand dollars in value above liens and encumbrances of the debtor; provided, however, that this exemption for one motor vehicle shall not apply if the debt enforced is for child support, spousal support, maintenance, alimony or equitable distribution, or if the state of New York or any of its agencies or any municipal corporation is the judgment creditor. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | If no homestead exemption is claimed, then one thousand dollars in personal property, bank account or cash. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:<br>1. ninety per cent of the income or other payments from a trust the principal of which is exempt under subdivision (c); provided, however, that with respect to any income or payments made from trusts, custodial accounts, annuities, insurance contracts, monies, assets or interest established as part of an individual | N.Y. Civ. Prac. Law and Rules 5205. |

| | | |
|---|---|---|
| | retirement account plan or as part of a Keogh (HR-10), retirement or other plan described in paragraph two of subdivision (c) of this section, the exception in this subdivision for such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents shall not apply, and the ninety percent exclusion of this paragraph shall become a one hundred percent exclusion; <br><br> 2. ninety per cent of the earnings of the judgment debtor for his personal services rendered within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor's earnings to the satisfaction of the judgment; and <br><br> 3. payments pursuant to an award in a matrimonial action, for the support of a wife, where the wife is the judgment debtor, or for the support of a child, where the child is the judgment debtor; where the award was made by a court of the state, determination of the extent to which it is unnecessary shall be made by that court. | |
| Homestead | $170,825.00 in Kings, New York, Queens, Bronx, Richmond, Nassau, Suffolk, Rockland, Westchester, and Putnam counties. <br><br> $142,350.00 in Dutchess, Albany, Columbia, Orange, Saratoga, and Ulster counties. <br><br> $85,400 in all other counties. | N.Y. Civ. Prac. Law and Rules 5206(a). |

I make the statements in this claim of settlement as to exemptions and request for hearing as to exemption entitlement and the fair market value of the property and declare under penalty of perjury that they are true and correct.  I hereby request a court hearing to decide the validity of my claims.  Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____)
               Address                                         Phone no.

_____
Debtor's printed or typed name

_____
Signature of debtor

Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

                                                    Plaintiff,     23-cv-131

                 -against-

DEFRANCESCO, et al.,

                                                    Defendants,

                 and

DELAVACO HOLDINGS, INC.

                                                    Garnishee.

CLERK'S NOTICE OF POST-JUDGMENT
CONTINUING WRIT OF GARNISHMENT AGAINST
DEFENDANT ANDREW DEFRANCESCO PURSUANT TO 28 U.S.C. § 3202(b)

TO:        Andrew DeFrancesco
           c/o George Canellos, Esq.
           Milbank LLP
           55 Hudson Yards
           New York, NY 10001-2163

GARNISHEE: Delavaco Holdings, Inc.
           2300 E Las Olas Blvd FL 4
           Fort Lauderdale, FL, 33301-1578


        YOU ARE HEREBY NOTIFIED that your nonexempt interest is being

garnished—that is, taken—by Plaintiff Securities and Exchange Commission (the

"Commission"), an agency of the United States Government, which has a court judgment

against you in *Securities and Exchange Commission v. DeFrancesco, et al*, Case No. 23-

cv-131, United States District Court, Southern District of New York, entered on July 5,

2023 (the "Judgment") for disgorgement and prejudgment interest totaling

$1,276,070.49, a civil money penalty of $1,737,224.52, and applicable post-judgment interest.  Only the unpaid civil money penalty amount and post-judgment interest thereon are being sought through this garnishment.

In addition, you are hereby notified that there are exemptions under the law which may protect some or all of this property from being taken by the Commission if you can show that the exemptions apply.  A summary of the major exemptions which may apply under the federal bankruptcy code or in the state of New York is attached to this Notice.

If you are Andrew DeFrancesco, you have a right to ask the Court to return your property to you if you think the property the Commission (Government) is taking qualifies under one of the above exemptions or another applicable exemption.

If you want a court hearing, you must notify the Court within twenty (20) days after you receive this Notice.  You must make your request in writing and either mail it or deliver it in person to:

> Ruby J. Krajick
> Clerk of Court
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl Street
> New York, NY 10007

If you wish, you may use this Notice to request a hearing by checking the box below and mailing this Notice to the Clerk of Court.  You must also send a copy of your request to the Commission (Government) at the following address:

> Maureen Peyton King
> Securities and Exchange Commission
> New York Regional Office
> 100 Pearl Street, Room 20-100
> New York, NY 10004

so that the Commission (Government) will know you want a hearing.  The hearing will take place within ten (10) days after the clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

At the hearing, you may explain to the judge why you believe the property the Commission (Government) has taken is exempt.

If you think you live outside the federal judicial district in which the Court is located, you may request, not later than twenty (20) days after you receive this Notice, that this proceeding to take your property be transferred by the Court to the federal judicial district in which you reside.  You must make your request in writing and either mail it or deliver it in person to:

> Ruby J. Krajick
> Clerk of Court
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl Street
> New York, NY 10007

You must also send a copy of your request to the Commission (Government) at the following address:

> Maureen Peyton King
> Securities and Exchange Commission
> New York Regional Office
> 100 Pearl Street, Room 20-100
> New York, NY 10004

so that the Commission (Government) will know you want the proceeding transferred.

Be sure to keep a copy of this Notice for your own records.  If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Clerk of Court.  The Clerk is not permitted to give legal advice but can refer you to other sources of information.

Dated:     New York, New York

            _____, 2023

                              _____

                              **CLERK OF COURT**

               By:    _____

**REQUEST FOR HEARING**

☐    I request a hearing

TO:    Ruby J. Krajick
        Clerk of Court
        Daniel Patrick Moynihan U.S. Courthouse
        500 Pearl Street
        New York, NY 10007

and

        Maureen Peyton King
        Securities and Exchange Commission
        New York Regional Office
        100 Pearl Street, Room 20-100
        New York, NY 10004

Dated: _____      _____
                                          (signature)

                                        _____
                                        (print name)

                                        _____
                                        (address)

                                        _____
                                        (city, state, zip)

                                        _____
                                        (telephone number)

                                        _____
                                        (e-mail)

## SUMMARY OF MAJOR EXEMPTIONS

There are exemptions under the law which may protect the property listed in the Garnishee's answer from being taken by the Commission.  You must bear the burden at a hearing set by the Court of showing that an exemption applies.  The exemptions which you may claim are defined in 28 U.S.C. § 3014.  Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the state in which you have been domiciled for the majority of the 180 days prior to the filing of the Commission's Application for the Writ of Garnishment. The property exempted under 11 U.S.C. § 522(d) and the applicable state's exemption statutes may, and probably will, be different.  You must choose which set of exemptions you want the Court to apply.

## <u>BANKRUPTCY CODE EXEMPTIONS</u>

The first group of exemptions consists of property that is specified in Section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

1.  The debtor's aggregate interest, not to exceed $23,675 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

2.  The debtor's interest, not to exceed $3,775 in value, in one motor vehicle.

3.  The debtor's interest, not to exceed $600 in value in any particular item or $12,625 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4.  The debtor's aggregate interest, not to exceed $1,600 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5.  The debtor's aggregate interest in any property, not to exceed in value $1,250, plus up to $11,850 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6.   The debtor's aggregate interest, not to exceed $2,375 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7.   Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

8.   The debtor's aggregate interest, not to exceed in value $12,625 less any amount of property of the estate transferred in the manner specified in Section 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

9.   Professionally prescribed health aids for the debtor or a dependent of the debtor.

10.  The debtor's right to receive ---

(A)   a social security benefit, unemployment compensation, or a local public assistance benefit;
(B)   a veterans' benefit;
(C)   a disability, illness, or unemployment benefit;
(D)   alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;
(E)   a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless----

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11.    The debtor's right to receive, or property that is traceable to ---

    (A)    an award under a crime victim's reparation law;

    (B)    a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    (C)    a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent on the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

    (D)    a payment, not to exceed $23,675, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

    (E)    a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

12.    Retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under Sections 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

## MAJOR EXEMPTIONS UNDER NEW YORK STATE LAW

**NOTE:**     The law of the state where you have been domiciled for at least 180 days
governs your rights.

**NOTE:**     If you have selected the Bankruptcy Code exemptions listed above, you
may <u>not</u> also claim the state law exemptions listed below.

| Category of Exemption | Extent of Exemption[1] | Statute |
|---|---|---|
| Personal Property | All stoves and home heating equipment kept for use in the judgment debtor's dwelling house and necessary fuel therefor for one hundred twenty days. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | Domestic animals with the necessary food for those animals for one hundred twenty days, provided that the total value of such animals and food does not exceed one thousand dollars; all necessary food actually provided for the use of the judgment debtor or his family for one hundred twenty days. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | All wearing apparel, household furniture, one mechanical, gas or electric refrigerator, one radio receiver, one television set, one computer and associated equipment, one cellphone, crockery, tableware and cooking utensils necessary for the judgment debtor and the family; all prescribed health aids; | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | A wedding ring; a watch, jewelry and art not exceeding one thousand dollars in value. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | Tools of trade, necessary working tools and implements, including those of a mechanic, farm machinery, team, professional instruments, furniture and library, not exceeding three thousand dollars in value, together with the | N.Y. Civ. Prac. Law and Rules 5205. |

---

[1] Amount of exemption may be adjusted over time.

| | | |
|---|---|---|
| | necessary food for the team for one hundred twenty days, provided, however, that the articles specified in this paragraph are necessary to the carrying on of the judgment debtor's profession or calling. | |
| Personal Property | One motor vehicle not exceeding four thousand dollars in value above liens and encumbrances of the debtor; if such vehicle has been equipped for use by a disabled debtor, then ten thousand dollars in value above liens and encumbrances of the debtor; provided, however, that this exemption for one motor vehicle shall not apply if the debt enforced is for child support, spousal support, maintenance, alimony or equitable distribution, or if the state of New York or any of its agencies or any municipal corporation is the judgment creditor. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | If no homestead exemption is claimed, then one thousand dollars in personal property, bank account or cash. | N.Y. Civ. Prac. Law and Rules 5205. |
| Personal Property | Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:<br><br>1.  ninety per cent of the income or other payments from a trust the principal of which is exempt under subdivision (c); provided, however, that with respect to any income or payments made from trusts, custodial accounts, annuities, insurance contracts, monies, assets or interest established as part of an individual retirement account plan or as part of a Keogh (HR-10), retirement or other plan described in paragraph two of subdivision (c) of this section, the exception in this subdivision for such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents shall not apply, | N.Y. Civ. Prac. Law and Rules 5205. |

- 5 -

| | | |
|---|---|---|
| | and the ninety percent exclusion of this paragraph shall become a one hundred percent exclusion;<br><br>2. ninety per cent of the earnings of the judgment debtor for his personal services rendered within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor's earnings to the satisfaction of the judgment; and<br><br>3. payments pursuant to an award in a matrimonial action, for the support of a wife, where the wife is the judgment debtor, or for the support of a child, where the child is the judgment debtor; where the award was made by a court of the state, determination of the extent to which it is unnecessary shall be made by that court. | |
| Homestead | $170,825.00 in Kings, New York, Queens, Bronx, Richmond, Nassau, Suffolk, Rockland, Westchester, and Putnam counties.<br><br>$142,350.00 in Dutchess, Albany, Columbia, Orange, Saratoga, and Ulster counties.<br><br>$85,400 in all other counties. | N.Y. Civ. Prac. Law and Rules 5206(a). |